UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ss,                          CIVIL ACTION NUMBER
                                        #_____

DONALD RENKOWIC                         05-30103-MAP
    PLAINTIFF.

VS.

STATE OF MASSACHUSETTS, GOVERNER MITT ROMNEY,
COMMONWEALTH OF MASSACHUSETTS, OFFICE OF THE ATTORNEY GENERAL,
COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY,
COMMONWEALTH OF MASSACHUSETTS, SECRETARY OF PUBLIC SAFETY,
HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL,
SHERIFF ROBERT GARVEY,
LIEUTENANT JEFFERY FISH,
SERGEANT ANTHONY NEVUE,
                    DEFENDANTS.

COMPLAINT
PARTIES

1.) THE PLAINTIFF DONALD RENKOWIC, IS A RESIDENT OF NORTHAMPTON, MASS, COUNTY
    OF HAMPSHIRE, 205 ROCKY HILL ROAD

2.) THE DEFENDANT STATE OF MASSACHUSETTS, GOVERNER MITT ROMNEY, IS A RESIDENT
    OF BOSTON, MASS.,02108, COUNTY OF SUFFOLK,

3.) THE DEFENDANT COMMONWEALTH OF MASSACHUSETTS, OFFICE OF THE ATTORNEY GENERAL,
    IS A LEGAL DEPARTMENT IN SPRINGFIELD, MASS.,01103 COUNTY OF HAMPDEN,
    AND THROUGH OUT THE STATE OF MASSACHUSETTS,

4.) THE DEFENDANT, COMMONWEALTH OF MASSACHUSETTS,EXECUTIVE OFFICE OF PUBLIC
    SAFETY, IS A DEPARTMENT IN BOSTON, MASS.,02108, COUNTY OF SUFFOLK.

5.) THE DEFENDANT COMMONWEALTH OF MASSACHUSETTS, SECRETARY OF PUBLIC SAFETY
    IS A DEPARTMENT IN BOSTON, MASS.,02108, COUNTY OF SUFFOLK.

6.) THE DEFENDANT HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL. IS A
    CORRECTIONAL FACILITY IN NORTHAMPTON, MASS. COUNTY OF HAMPSHIRE, 205 ROCKY
    HILL ROAD.

7.) THE DEFENDANT SHERIFF ROBERT GARVEY IS A RESIDENT OF NORTHAMPTON, MASS., COUNTY OF HAMPSHIRE, 205 ROCKY HILL ROAD.

8.) THE DEFENDANT LIEUTENANT JEFFERY FISH IS A RESIDENT OF NORTHAMPTON, MASS., COUNTY OF HAMPSHIRE, 205 ROCKY HILL ROAD.

9.) THE DEFENDANT SERGEANT ANTHONY NEVUE IS A RESIDENT OF NORTHAMPTON, MASS., COUNTY OF HAMPSHIRE, 205 ROCKY HILL ROAD.

FACTS

10.) NOW THE PLAINTIFF DONALD RENKOWIC, ( HEREINAFTER THE PLAINTIFF ) WAS SENTENCED TO ( 2 1/2 ) TWO AND ONE HALF YEARS TO THE HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL FACILITY FOR A ASSAULT AND BATTERY CASE THAT TOOK PLACE ON JULY 3, 2002, AND WAS BROUGHT TO TRIAL ON JANUARY 30, 2003, AND THE SENTENCED WAS IMPOSED DURING THAT TIME PERIOD.

11.) JANUARY 30, 2003, THROUGH AUGUST 22, 2003, THE PLAINTIFF HAD FILED GRIEVANCES AGAINST THE DEFENDANTS, HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, FOR USING HARMFUL CHEMICALS WHILE HE WAS LOCKED IN HIS CELL FOR THE NIGHT WITHOUT PROPER VENTILATION.

12.) ON AUGUST 22, 2003, THE DEFENDANTS, HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, CORRECTIONAL STAFF, CAPTAIN MARK DAVIES, TRANSPORTATION OFFICERS, BYRON AND PARISEAU, CAME TO THE PLAINTIFFS CELL ( NUMBER 82 ) AND TOLD THE PLAINTIFF TO PACK IT UP BECAUSE THEY WERE TRANSFERING HIM TO ANOTHER FACILITY. THE ABOVE CORRECTIONAL OFFICERS TOLD THE PLAINTIFF HE WAS NOT PACKING FAST ENOUGH SO THEY HELPED HIM PACK BY THROWING HIS BELONGINGS IN (3) THREE LARGE TRASH BAGS UPON DOING THIS THEY BROUGHT HIM AND HIS BELONGINGS TO THE SALLYPORT AREA AND PUT THE PLAINTIFF AND HIS BELONGINGS IN A TRANSPORTATION VAN AND BROUGHT HIM TO HAMPDEN COUNTY CORRECTIONAL CENTER IN LUDLOW, MASS., UPON THE PLAINTIFFS ARRIVAL HE WAS ONLY ALLOWED TO HAVE HIS LEGAL PAPERS ADMITTED INTO THE FACILITY. SINCE THE PLAINTIFF COULD NOT HAVE HIS BELONGINGS THE TRANSPORTATION OFFICERS BROUGHT THE PLAINTIFFS PROPERTY BACK TO THE HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL FACILITY AND WAS PLACED IN THE PROPERTY STORAGE ROOM BY STAFF MEMBER PATRICK YARROWS.

13.) THE PLAINTIFF HAD REQUESTED A GRIEVANCE FORM IN THE BEGINNING OF THIS INVOLUNTARY MOVE BECAUSE THE TRANSFER WAS UNLAWFUL UNDER (M.G.L.A. c.127, section 115 ), THE DEFENDANTS HAD REFUSED TO GIVE THE PLAINTIFF A GRIEVANCE FORM AND

THEY ALSO HAD REFUSED TO GIVE HIM (2) GRIEVANCE APPEAL FORMS FOR THE TWO GRIEVANCES THAT THE PLAINTIFF FILED CONCERNING THE HARMFUL CHEMICALS IN WHICH WHERE BEING USED WHILE HE WAS LOCKED DOWN. THE DEFENDANTS WERE USING THESE GRIEVANCES TO TRANSFER THE PLAINTIFF TO HAMPDEN COUNTY CORRECTIONAL CENTER. ( HAMPSHIRE SUPERIOR COURT DOCKET #2003-00189 )

14.) DURING AUGUST 22, 2003. THROUGH SEPTEMBER 9, 2003, THE PLAINTIFF WAS IN THE CUSTODY OF HAMPDEN COUNTY CORRECTIONAL CENTER AND WAS FILING GRIEVANCE FORMS, AND REQUEST FORMS CONCERNING HIS UNLAWFUL TRANSFER AND AT THE TIME WAS BEING DENIED THE LEGAL RESOURCE DEPARTMENT AT THE HAMPDEN COUNTY CORRECTIONAL FACILITY WHILE HE WAS IN THERE CUSTODY ( HAMPSHIRE SUPERIOR COURT DOCKET #2003-00188 ).

15.) ON SEPTEMBER 9, 2003, THE HAMPDEN COUNTY CORRECTIONAL CENTER HAD RE-TRANSFERED THE PLAINTIFF BACK TO THE HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, UPON HIS ARRIVAL THE PLAINTIFF HAD REQUESTED HIS PROPERTY. THE PLAINTIFF DID NOT RECIEVE HIS PROPERTY UNTIL A FEW DAYS HAD GONE BY AFTER HIS ARRIVAL AT THE FACILITY AND THEN THE PLAINTIFF WENT THROUGH HIS BELONGINGS AND HAD NOTICED THAT SEVERAL ITEMS WHERE MISSING FROM HIS PROPERTY HE THEN FILED A GRIEVANCE FORM AND EVENTUALLY FILED A COMPLAINT IN THE HAMPSHIRE SUPERIOR COURT. ( DOCKET NUMBER #2003-00030-A ) THE PLAINTIFF HAS FILED SEVERAL GRIEVANCES AGAINST THE DEFENDANTS, INCLUDING FORMAL COMPLAINTS WITH THE HAMPSHIRE SUPERIOR COURTAGAINST THE DEFENDANTS, HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, SHERIFF ROBERT GARVEY, AND OTHER STAFF MEMBERS, BECAUSE THE DEFENDANTS CONTINUOUSLY VIOLATE THE POLICIES AND PROCEDURES OF THE FACILITY AND THE CODE OF MASSACHUSETTS REGULATIONS THE WAY THEY ARE WRITTEN ON A DAILY BASIS AND WHEN IT CONVIENANTLY SUITS THEM.

16.) ON NOVEMBER 6, 2003, THE PLAINTIFF WAS TRANSFERED TO WORCHESTOR COUNTY HOUSE OF CORRECTION AND JAIL PRIOR TO BEING TRANSFERED CORRECTIONAL OFFICERS, MAJOR DANIEL HART, AND OTHER STAFF MEMBERS TOLD THE PLAINTIFF THAT HIS PROPERTY WOULD BE SENT TO HIM WITHIN TWO WEEKS. THE PLAINTIFF HAD NOT RECIEVED PROPERTY FROM THE CORRECTIONAL OFFICERS, MAJOR HART, NOR THE PROPERTY OFFICER PATRICK YARROWS, DID NOT SEND THE PLAINTIFF HIS BELONGINGS WHILE BEING INCARCERATED IN THE WORCHESTER COUNTY HOUSE OF CORRECTION AND JAIL FACILITY. UPON BEING AT THAT FACILITY A CORRECTIONAL STAFF MEMBER HAD TAKEN MONEY OUT OF THE PLAINTIFFS ACCOUNT FOR DISCIPLINARY REASONS FOR WHICH THE PLAINTIFF HAD FILED A COMPLAINT WITH THE HAMPSHIRE SUPERIOR COURT. UPON THE PLAINTIFF BEING RE-TRANSFERED BACK TO THE HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, ON DECEMBER 17, 2003.

17.) SINCE THE PLAINTIFFS RETURN TO HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, ALL ADMINISTRATIVE STAFF, CORRECTIONAL STAFF, FACILITY STAFF MEMBERS, HAVE BEEN GIVING THE PLAINTIFF A VERY HARD TIME IN ONE FORM OR ANOTHER DUE TO THE GRIEVANCES AND COMPLAINTS HE HAS FILED AGAINST SUCH MEMBERS OF THE INSTITUTION AND THE PLAINTIFF WAS AND IS CONTINUOUSLY INFORMING SUCH STAFF MEMBERS THAT THEY ARE VIOLATING HIS RIGHTS IN ONE FORM OR ANOTHER.

18.) ON JANUARY 20,2004, THE PLAINTIFF HAS BEEN LOCKED DOWN IN HIS CELL DUE TO HIS CONTINUOUS DISAGREEMENTS WITH THE STAFF MEMBERS AND WAS IN A DISAGREEABLE DISPUTE WITH SOME OF THE CORRECTIONAL STAFF CONCERNING THE INSTITUTIONS POLICIES AND PROCEDURES INCLUDING THE CODE OF MASSACHUSETTS REGULATIONS FOR COUNTY FACILITIES AFTER THIS DISPUTE THE PLAINTIFF HAD RECIEVED (5) FIVE GRIEVANCE FORMS FROM THE SUPERIOR OFFICER THAT WAS IN CHARGE OF THE FACILITY THAT EVENING. THE PLAINTIFF DID NOT FILL OUT THE GRIEVANCE FORMS THAT EVENING DUE TO BEING LATE AND THE PLAINTIFF WAS STILL UPSET AND HAD PLACED THOSE FORMS IN HIS RED FOLDER AND LEFT IF ON HIS CELL TABLE.

19.) ON JANUARY 21,2004, AT APPROXIMANTLY 11;00 HUNDRED HOURS THE HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL HAD ISSUED A FACILITY SHAKE DOWN, UPON THE CORRECTIONAL STAFF CONDUCTING THIS SHAKE DOWN SOME OF THOSE OFFICERS CAME TO UNIT (7) SEVEN AND TO THE PLAINTIFFS CELL WHILE HE WAS EATING HIS LUNCH AND ORDERED HIM OUT SO A SEARCH COULD BE CONDUCTED WITH OUT ANY INTERFERANCE FROM THE PLAINTIFF. UPON ARRIVING AT THE PLAINTIFF CELL OFFICER SERGEANT ANTHONY NEVUE WAS THE ONE WHO ENTERED THE PLAINTIFFS CELL (NUMBER 66) AND WENT RIGHT TO THE PLAINTIFFS TABLE AND TOOK HIS RED FOLDER AND WITHDREW THOSE GRIEVANCE FORMS THAT THE PLAINTIFF HAD RECIEVED THE EVENING BEFORE UPON DOING THIS HE HAD TAKEN THEM AND STATED THAT THEY WERE CONTRABAND AND THAT THE PLAINTIFF COULD NOT HAVE THEM. AT THIS TIME THE PLAINTIFF BECAME VERY LOUD AND WAS USING ABUSIVE LANGUAGE TOWARDS THAT OFFICER WHILE DOING THIS LIEUTENANT JEFFERY FISH HAD RETRIEVED THOSE GRIEVANCES AND TOLD THE PLAINTIFF HE COULD NOT HAVE THEM BECAUSE THEY WERE CONTRABAND AND STATED THAT HE DID NOT CARE WHERE THE PLAINTIFF GOT THEM. THEN THE PLAINTIFF GOT REAL UPSET AND STARTED USING LOUD ABUSIVE LANGUAGE AT THAT OFFICER ALSO. AT THIS TIME LIEUTENANT JEFFERY FISH, LIEUTENANT OTIS ORDERED THE PLAINTIFF TO TURN AROUND BECAUSE THEY WERE REMOVING HIM FROM HOUSE BLOCK TWO DUE TO HIS BEING LOUD AND ABUSIVE TOWARDS THE OFFICERS THAT WERE CONDUCTING THE SHAKE DOWN. CORRECTIONAL OFFICER LIEUTENANT JEFFERY FISH HAD RADIO THE MAIN CONTROL ROOM TO PLACE THE SECURITY CAMERA ON THE PLAINTIFF WHILE THEY WERE REMOVING THE PLAINTIFF FROM HOUSE BLOCK TWO. IN THE PROCESS OF

REMOVING THE PLAINTIFF. LIEUTENANT FISH HAS AND DID STATE THAT THE PLAINTIFF HAD SPIT DORITOES AT HIM. LATER THAT DAY OR A FEW DAYS AFTER THAT THE CORRECTIONAL OFFICERS THAT HAD CONDUCTED THE SHAKE DOWN OR SEARCH AND HAD TAKEN THOSE GRIEVANCE FORMS WERE TOLD THAT CAPTAIN RAYMOND DIEMOND HAD GIVEN THOSE GRIEVANCES TO THE PLAINTIFF AT THIS TIME THE PLAINTIFF HAS NOT RECIEVED THOSE GRIEVANCE FORMS BACK. THE PLAINTIFF WAS ALSO INFORMED THAT THE DEPUTY SUPERINTENDENT PATRICK CAHILLANE, AND SHERIFF ROBERT GARVEY, WAS AWARE OF THIS PROBLEM BUT HAS SAID NOTHING TO THE PLAINTIFF BECAUSE THE DEPUTY AND THE SHERIFF ARE THE ONES WHO ARE ALLOWING THIER CORRECTIONAL OFFICERS AND STAFF MEMBERS TO VIOLATE THE PLAINTIFFS RIGHTS BY NOT CONDONING THE OFFICERS, STAFFS CONDUCT WHEN DEALING WITH THE PLAINTIFFS COMPLAINTS OR GRIEVANCES, AND HIS PRISONERS RIGHTS AND ENTITLEMENTS ( HAMPSHIRE COUNTY SUPERIOR COURT #2004-00123 )

20.) DURING JANUARY 21,2004, THROUGH JUNE 11,2004, THE DEFENDANTS ARE STILL GIVING THE PLAINTIFF A VERY HARD TIME ABOUT THIER POLICIES AND PROCEDURES, AND THE CODE OF MASSACHUSETTS REGULATIONS THAT HE KEEPS FILING GRIEVANCES ABOUT.
ON JUNE 11, 2004 THE PLAINTIFF WAS INDICTED BY THE HAMPSHIRE COUNTY SUPERIOR COURT GRAND JURY FOR ASSAULT AND BATTERY ON A CORRECTIONAL OFFICER,(LIEUTENANT JEFFERY FISH ), AND WAS ARRAIGNED AND REMANDED TO THE FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL.

21.) DURING JUNE 11, 2004, THROUGH DECEMBER 17, 2004, WHILE BEING REMANDED AT THE FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL, 160 ELM STREET, GREENFIELD, MASS. 01301, THE DEFENDANTS HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, AND STAFF MEMBERS WERE TELLING THE FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL, THE ADMINISTRATION STAFF THAT THE PLAINTIFF IS NOTHING BUT A TROUBLE MAKER. WHILE THE PLAINTIFF WAS INCARCERATED AT THE FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL THE PLAINTIFF HAD FILED SEVERAL GRIEVANCES, AND TWO FORMAL LEGAL COPLAINTS ONE IN THE HAMPSHIRE SUPERIOR COURT, AND ONE IN THE UNITED STATES DISTRICT COURT. DUE TO THE INSTITUTIONS RETALIATIONS AGAINST THE PLAINTIFF ( HAMPSHIRE SUPERIOR COURT DOCKET #2004-00234 ), AND ( UNITED STATES DISTRICT COURT DOCKET NUMBER #2004-30202- MAP ) .

22.) ON DECEMBER 16, 2004, THE PLAINTIFF WENT TO HAMPSHIRE SUPERIOR COURT FOR A ASSAULT AND BATTERY ON A CORRECTIONAL OFFICER AT THIS TIME THE PLAINTIFF AND HIS COUNSEL PICKED THE JURY FOR THE TRIAL PROCEEDINGS AND THE DEFENDANTS, CORRECTIONAL OFFICERS, FISH, NEVUE, JANOCA, HACKULA, PASCO. KAKUCHKA, WHERE THERE TO ADDRESS THE JURY BEFORE AND AFTER JURY PROCEEDINGS.

23.) ON DECEMBER 17, 2003, THE PLAINTIFF WAS BROUGHT TO THE HAMSHIRE COUNTY SUPERIOR COURT TO BEGIN THE TRIAL AGAINST HIM FOR AN ALLEDGED ASSAULT AND BATTERY ON A CORRECTIONAL OFFICER (LIEUTENANT FISH ) AFTER THE PROCEEDINGS THE JURY CAME BACK WITH A NOT GUILTY VERDICT FOR THE PLAINTIFF. WHILE BEING RETURNED TO FRANKLIN COUNTY HOUSE OF CORRECTION AND JAIL, STAFF MEMBERS ALREADY HAD THE PLAINTIFFS BELONGINGS PACKED UP AND READY TO BE TRANSPORTED TO HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL WITHOUT BEING REMANDED BACK TO THE HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL.

24.) ON MARCH 3, 2005, APPROXIMANTLY 8;30 am THE PLAINTIFF HAD TURNED IN A REQUEST FROM TO USE THE LAW LIBRARY AT 9;00 am UPON THE PLAINTIFF GOING TO THE HOUSE BLOCK (1) CONTROL BOOTH TO SEE ABOUT HIS REQUEST ON THE USE OF THE LAW LIBRARY CORRECTIONAL OFFICER LIEUTENANT WILLIAM MARTINEZ HAD TOLD THE PLAINTIFF THAT THERE WAS SOMEONE AHEAD OF HIM. UPONWAITING TO SEE WHO WAS AHEAD OF HIM A CORRECTIONAL OFFICER WENT TO JAIL BLOCK UNIT G,(CELL 42) AND WOKE UP THAT INMATE AND ORDERED HIM TO GO TO THE LAW LIBRARY. THE PLAINTIFF AT THIS TIME WHO HAS BEEN WATCHING THIS WHOLE SCENARIO TAKE PLACE REQUESTED A GRIEVANCE FORM FROM LIEUTENANT MARTINEZ FOR BEING DENIED THE LAW LIBRARY. THE LIEUTENANT HAD STATED "NO IT IS NOT GRIEVABLE". THE PLAINTIFF HAD STATED THAT HE HAS A RIGHT TO GRIEVANCE FORMS UNDER THE STATE AND FEDERAL LAWS AND THAT THEY THE LIEUTENANT AND THE FACILITY, STAFF MEMBERS COULD NOT DENY SUCH GRIEVANCE FORMS FOR ANY REASON BECAUSE ALL INCIDENTS, OR OCCURANCES THAT HAPPEN WHILE INCARCERATED IS OF GRIEVABLE NATURE.

25.) ON MARCH 7, 2005, THE MEDICAL STAFF AT THE HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL ( JOSEPH KENNEDY, R.N. ) HAD TAKEN IT UPON HIMSELF TO DISCONTINUE THE PLAINTIFFS MEDICATION THAT THE PLAINTIFF JUST RECIEVED AN ORDER FOR ON MARCH 4, 2005, BY THE (NURSE PRACTIONER, KIMBERLY MYERS ) THE PLAINTIFF HAD FILED A GRIEVANCE FORM ON THIS MATTER ABOUT THE STAFF MEMBERS AGAIN DOING WHAT THEY WANT, WHEN THEY WANT, WHEN IT CONVENIENTLY SUITS THEM WITHOUT ABIDING TO OR ADHEREING TO THE RULES, POLICIES, PROCEDURES, REGULATIONS, AND WITHOUT ADDRESSING THE ISSUES WITH THIER SUPERVISOR ON THE SUBJECT MATTER, ISSUES. ( GRIEVANCE FORM # 03-05/ WITH APPEAL FORM ) THE ANSWERS THAT THE NURSE PRACTIONER ( KIMBERLY MYERS ) AND CORRECTIONAL OFFICER (MAJOR HART ) HAVE ABSOLUTELY NOTHING TO DO WITH THE PLAINTIFFS NATURE OF THIS GRIEVANCE OR THE WRITTEN ISSUES ON THE GRIEVANCE. NOW THE PLAINTIFF HAS BEEN DEALING WITH THE DEFENDANTS, HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, SHERIFF ROBERT GARVEY, AND ALL OTHER CORRECTIONAL STAFF, STAFF MEMBERS OF THE INSITUTION FOR SOME TIME

AND IT IS ALWAYS THE SAME WHEN IT COMES TO THE PLAINTIFF FILING GRIEVANCE FORMS, REQUEST FORMS, APPEAL FORMS, OR ANY OTHER COMPLAINTS AND THAT IS THAT THE DEFENDANTS CONTINUOUSLY VIOLATE THE ( INMATE RIGHTS ), PLAINTIFFS RIGHTS WHEN IT COMES TO SUCH DEALINGS OF GRIEVANCES AND ALL OTHER PROBLEMS THAT THE PLAINTIFF BRINGS TO THIER ATTENTION.  SO NOW THE PLAINTIFF IS BRINGING THIS COMPLAINT UNDER THE FOLLOWING LAWS AND REQUIREMENTS THAT THE DEFENDANTS HAVE TO ABIDE BY AND AHERE TO, SUCH AS :

1.) 42 U.S.C.A. 1983
2.) 42 U.S.C.A. !997e, ET., SEQ.
3.) STATE CIVIL RIGHTS ACT
4.) FEDERAL CIVIL RIGHTS ACT
5.) MASSACHUSETTS CIVIL RIGHTS ACT
6.) M.G.L.A. c.127, section 38E, ET., SEQ
7.) M.G.L.A. c.12, section 11H, 11I

26.) SINCE THE DEFENDANTS, HAMPSHIRE COUNTY HOUSE OF CORRECTION AND JAIL, SHERIFF ROBERT GARVEY, LIEUTENANT FISH, LIEUTENANT OTIS, SERGEANT NEVUE, AND ALL OTHER CORRECTIONAL OFFICERS OF THE HAMPSHIRE FACILITY WERE AND STILL ARE ACTING UNDER COLOR OF LAW WHEN THEY ARE COMMITTING THESE VIOLATIONS OF RIGHTS, CIVIL RIGHTS, CONSTITUTIONAL RIGHTS, AGAINST THE PLAINTIFF.

27.) WHEREFORE: THE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANTS FOR DAMAGES AND SUCH OTHER RELIEF AS THIS COURT DEEMS JUST.

28.) THE PLAINTIFF DONALD RENKOWIC, PRO SE, REQUESTS TRIAL BY JURY.

29.) THE PLAINTIFF DONALD RENKOWIC, PRO SE, DEMANDS A TRIAL BY JURY.

DATE : 4-8-05

RESPECTFULLY SUBMITTED,

DONALD RENKOWIC, PRO SE.
205 ROCKY HILL ROAD
NORTHAMPTON, MASS.
01061

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ss,                    CIVIL ACTION NUMBER
                                          #_____

CERTIFCATE OF SERVICE

I DONALD RENKOWIC, PRO SE, HEREBY CERTIFY THAT ON THIS __8th__ DAY OF __April__, 2005, I HAVE SERVED THE FOREGOING DOCUMENTS TO THE DEFENDANTS BY MAILING FIRST CLASS, POSTAGE PREPAID, A TRUE COPY OF SAME TO THE DEFENDANTS AT THE FOLLOWING ADDRESS, Defendants have not been served yet as of this date 4-8-05

DONALD RENKOWIC, PRO SE
205 ROCKY HILL ROAD
NORTHAMPTON, MASS,
                        01061

THE COMMONWEALTH OF MASSACHUSETTS




# Hampshire Sheriff's Office
## Jail & House of Correction

P.O. BOX 7000
205 ROCKY HILL ROAD
NORTHAMPTON, MASSACHUSETTS 01060-7000

*Sheriff*
Robert J. Garvey

(413) 584-5911

<u>Inmate Grievance Appeal Form</u>

Note: All grievances must be legible.

Date: 3-9-05      Date of incident: 3-7-05

Grievance being appealed: #03-05 Appealing this grievance because the answer does not have anything to do with the situation concerning the matters that are written in the complaint

Reason for appeal: On going problems with staff making up there own Rules, Policies + Procedures, Regulations, during my incarceration when it conveniently suits them

Remedy being requested: Same as original grievance form attached herewith 2 additional pages

Printed name of grievant: Donald Renkowic

Signature of grievant: _____ Date: 3-9-05

DGC finding: Appeal denied. Issue was addressed in original grievance.

DGC signature: _____ Date: 3-14-05

Note: Original grievance must be attached to this form

Issued 1/21/04
HSO 3.5.9
ACA 3E-11
DOC 934.02

*Given*
*3/7/05*
*at 0850*
*1stK*

# THE COMMONWEALTH OF MASSACHUSETTS

Grievance #: _____



## Hampshire Sheriff's Office
## Jail & House of Correction

P.O. BOX 7000
205 ROCKY HILL ROAD
NORTHAMPTON, MASSACHUSETTS 01060-7000



(413) 584-5911

Sheriff
Robert J. Garvey

<u>Inmate Grievance Form</u>

Note: All grievances must be legible.

Date: 3-7-05                    Date of incident: 3-7-05

Grievance: (SEE ATTACHMENTS) medical Regulations - Rules, - Policies - Procedures on medical care - medications
(two pages)

Remedy being requested: To Have all staff Repremanded for making up there own Rules, Policies, Procedures and Have Them follow The Regulations, Rules, Policies & Procedures The way They are written at all times

Printed name of grievant: Donald Renkowic
Signature of grievant: _____ Date: 3-7-05
Signature of staff: LT, LT M. Mleko Date: 3/8/05

IGC recommendation(s): Medical has continued Mr Renkowic's order for TUMS and this was explained to him. He is agreeable to the continuation of "TUMS" order

IGC signature: _____ K. Myer RNCS, FN Date: 3-8-05

*All staff Aware of order at this time.*

Note: If additional space is needed, attach another sheet. Appropriate persons must sign all attachments.

Issued 1/21/04
HSO 3.5.9
ACA 3E-11
DOC 934.02

GRIEVANCE FORM

medical - medications - CARE           DATE: 3-7-05

On March 7th, 2005, I inmate Donald Renkowic was told ((2) second time) by Joseph Kennedy R.N. that if I wanted to recieve medications (Tums) for my problem with stomach acid I needed to purchase them from the Facilities Commissary. Prior to this I (inmate) was informed by the medical unit staff member Leonard Thurman who had relayed or forwarded a message from Nurse Practioner Kimberly Myers that since I had money in my inmate account I was to or needed to buy or purchase my or recieve medications from the Facilities Commissary (Tums) for my medical problem (stomach acid).

Now there is no such Policy, Rule, Regulation, that states or says an inmate has to pay for any kind, type, or any other aspect of medical care or medications while he/she is incarcerated within the Hampshire County House of Correction and Jail. However, it is my (inmate Renkowic) understanding, opinion, views after reviewing the medical regulations, inmate manual, Massachusetts Regulations for medical care or treatment is that the Hampshire County House of Correction and Jail, medical unit/department is totally

CONTINUED → Pg 2

GRIEVANCE FORM

medical - medications - care           DATE: 3-7-05

(pg 2)

    NEGLIGENT IN HANDLING THE PROPER PROCEDURES FOR ADMINISTERING MEDICAL CARE AND TREATMENT WHEN DEALING WITH INMATE MEDICAL REQUESTS FORMS FOR SICK CALL AND THE MEDICAL NEEDS OR TREATMENT ON INDIVIDUAL BASIS SUCH AS MY MEDICAL PROBLEM (STOMACH ACID).

    ON MARCH 7th, 2005, AT THE 22:00 HOUR MEDICATION TIME I (INMATE RENKOWIC) WAS INFORMED BY MEDICAL STAFF MEMBER LEONARD THURMAN R.N. THAT MEDICAL STAFF MEMBER JOSEPH KENNEDY HAD DISCONTINUED MY MEDICATION ORDER FOR (TUMS) THAT WAS ORDERED BY NURSE PRACTIONER KIMBERLY MYERS JUST RESENTLY ON MARCH 4th, 2005 WITHOUT EVEN DISGUSTING OR EXAMINING THE INMATE (RENKOWIC)

NAME OF GRIEVANT  Donald Renkowic
SIGNATURE OF GRIEVANT  [signature]      DATE: 3-7-05

SIGNATURE OF STAFF                       DATE:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donald RENKOWIC

### DEFENDANTS
STATE of MASSACHUSETTS

(b) County of Residence of First Listed Plaintiff: Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
205 Rocky Hill Rd Northampton

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | [X] 440 Other Civil Rights / [X] 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USCA 1983

Brief description of cause: Defendants have violated civil + Due Process Rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #___  AMOUNT___  APPLYING IFP___  JUDGE___  MAG. JUDGE___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Donald Renkowic vs State of Massachusetts_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐       Central Division ☐       Western Division ☒

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐       Central Division ☐       Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Donald Renkowic_
ADDRESS _205 Rocky Hill Rd Northampton, Mass. 01061_
TELEPHONE NO. _____

Coversheetlocal.wpd - 10/17/02)