UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD RENKOWIC<br>　　　　　　Plaintiff,<br>v.<br>STATE OF MASSACHUSETTS, Governor Mitt Romney<br>COMMONWEALTH OF MASSACHUSETTS, Executive<br>　　Office of Public Safety<br>COMMONWEALTH OF MASSACHUSETTS, Secretary of<br>　　Public Safety<br>ATTORNEY GENERALS OFFICE, Tom Reilly<br>HAMPSHIRE HOUSE OF CORRECTION AND JAIL,<br>SHERIFF ROBERT GARVEY,<br>LIEUTENANT JEFFREY FISH,<br>SARGENT ANTHONY NEVUE<br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 05-30103-MAP |

## DEFENDANTS' STATE OF MASSACHUSETTS, COMMONWEALTH OF MASSACHUSETTS AND ATTORNEY GENERAL'S OFFICE MOTION TO DISMISS

The Defendants State of Massachusetts[1] (Governor Mitt Romney), Commonwealth of Massachusetts (Executive Office of Public Safety and Secretary of Public Safety) and the Attorney General's Office (Tom Reilly) move this Court to dismiss the above-entitled action for failure to state a claim upon which relief can be granted pursuant to the provisions of Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

Donald Renkowic ("Plaintiff"), proceeding pro se, also brings this action against the Hampshire County House of Corrections, where he was a former inmate, as well as some of the jail's administrators.

### BACKGROUND

The Plaintiff alleges that the Defendants are responsible for violations of his civil rights while he was incarcerated at the Hampshire County House of Correction and Jail. Most of the Plaintiff's complaints deal with transfers between various correctional facilities and the processing of his grievances during such transfers.

---

[1] The Plaintiff refers to both the State and Commonwealth of Massachusetts. Massachusetts is a Commonwealth. See *Preamble, Constitution or Form of Government for the Commonwealth of Massachusetts*.

## STANDARD OF REVIEW

A motion to dismiss should be granted when a review of the complaint shows that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See Fed. R. Civ. P. 12(b)(6); *Wagner v. Devine*, 122 F.3d 53, 55 (1st Cir 1997). The court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). If a plaintiff's claims do not establish recognized legal theories for which relief may be granted, then the court must dismiss the complaint. *See Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988)

A plaintiff's pro se allegations are entitled to a liberal construction no matter how inartfully pleaded. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, dismissal is appropriate whenever a plaintiff cannot prove any set of facts entitling him to relief under the claims he alleges. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 1st Cir. 1997)

## DISCUSSION

Insofar as Plaintiff's suit is brought against the Commonwealth of Massachusetts, its agencies or its administrators in their official capacities, it is barred under the Eleventh Amendment to the United States Constitution, which proscribes damage suits against states without their consent. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 634 (1999); *Hans v. Louisiana*, 134 U.S. 1, 20 (1890)

If an agency or department of a state has been named in the complaint, and has not consented to be sued for damages, it must be dismissed from the action. *See Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982). Recently, the First Circuit succinctly summarized these Eleventh Amendment principles in *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002)

However, as the Plaintiff is no longer in custody of the Hampshire County House of Corrections, but rather, according to his own submission, apparently residing at 24 Cross Street, Florence, Massachusetts 01062, any injunctive relief, even if otherwise appropriate, would not be appropriate in this

case. *See Purvis v. Ponte*, 929 F .2d 822,825 (1st Cir. 1991) (holding that former inmate's action against prison officials was moot because he no longer resided at the prison)

As to his claim for compensatory damages, the Plaintiff has not included any reference that the Commonwealth of Massachusetts, through its officials, has consented to be sued in this manner. This falls far short of fulfilling his "burden of showing a waiver of sovereign immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (as described by the First Circuit in *Hanley v. United States*, 1994 WL 723678, at (1st Cir. 1994) (unreported)). In sum, insofar as the complaint targets the Commonwealth and its officers as the officials responsible for the Hampshire County Jail, it is barred by the Eleventh Amendment.[2]

## CONCLUSION

Since the Plaintiff has failed to state a claim upon which relief can be granted against the Defendants, State of Massachusetts (Governor Mitt Romney), Commonwealth of Massachusetts (Executive Office of Public Safety and Secretary of Public Safety) and the Attorney General's Office (Tom Reilly), they respectfully request that the Complaint be dismissed against them.

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,
THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

---

[2] Under the provisions of G.L. c. 34B, § 1, et seq., the named state officials are not responsible for the actions of the employees of the Office of the Hampshire Sheriff or the Hampshire Sheriff.