United States District Court
District of Massachusetts

Civil Action No.
# 05-CV-30103 MAP

Donald Renkowic
   Plaintiff,

vs.

State of Massachusetts, Governor Mitt Romney
Commonwealth of Massachusetts, Executive Office of Public Safety
Commonwealth of Massachusetts, Secretary of Public Safety
Attorney General Office, Tom Reilly
Hampshire House of Correction and Jail
Sheriff Robert Garvey
Lieutenant Jeffery Fish
Sargent Anthoney Nevue
           Defendants.

Plaintiff's Opposition To Defendants; Hampshire House of Correction and Jail, Sheriff Robert Garvey, Lieutenant Jeffery Fish, Sargent Anthony Nevue Motion To Dismiss

Now comes the Plaintiff Donald Renkowic, Pro Se who states the following oppositions to the above entitled matter;

1.) The Plaintiff Donald Renkowic states as G.L.c. 34B

§12 makes the Sheriff of Hampshire County an employee of the Commonwealth, ie, a public employee, while remaining an elected official; as G.L.c. 34B §14 makes the Sheriff's employees employees of the Commonwealth also; as the Commonwealth is a public employer per G.L.c 258 §1; as the Sheriff, weather sued in his individual or representative capacity is protected from arrest on mesne process or execution on a judgment in a civil action unless and until such judgment has not been satisfied from his goods, chattel, and lands and he has been removed from office by action of the governor and the council per G.L.c. 37 §10; as the defendants have cited to no provisions regarding indemnification for Sheriff's after the abolishment of certain counties; as G.L.c. 34B §13 provides that the Sheriffs shall be a public employer for purposes of G.L.c. 150E, for purposes of collective bargaining only; as the function of the Sheriff's office "is more a state than an independent one", Lodge v. District Attorney for the Suffolk District, 21 Mass. 277, 283 (1985), as the Sheriff is concerned primarily with the protection of the public "a subject which concerns the welfare of the entire Commonwealth and transcends the internal interests of the several (counties) into which the state is divided for the election of (Sheriffs), id, at 281-282, quoting Commonwealth v. Kozlowsky 238 mass. 379, 389 (1921); as it appears that certain responsibilities have been transferred to the Commonwealth including inspections of prisons, jails, and houses of corrections located within

the County (G.L. c. 126 §1 and 2), Enforcement of the Laws Relative to Prisons (G.L. c. 126 §3), and the Expense of Supporting Convicts and Detainees (G.L. c. 126 §29); as the Director of the Department of Corrections is Responsible for Establishing Standards of Performance, Inspection of Jails, and Houses of Corrections to insure compliance with such standards, and Enforcing such standards by civil litigation, if necessary (G.L. c. 124 §§ 1(d) and 1(g) and G.L. c. 127 §1B); as it appears that the Sheriff's of the abolished Counties do not have Fiscal Control over the Jails and Houses of Corrections, notwithstanding that they Retain Administrative and Operational control thereof (G.L. c. 34B, §12); and, as noted, as the sum of specific provisions of (G.L. c. 34B) is that the Commonwealth is the Public Employer of the Sheriff and his deputies and the Sheriff is a Public Employer of his deputies only for purposes of collective bargaining, Application of the principle of Expressio Unius est Exclusio Alterius suggests that the Commonwealth is the Public Employer for purposes of the claims made in the Instant Action.

2.) The Plaintiff states that the above mentioned Defendants; State of Massachusetts, Commonwealth of Massachusetts, Executive Office of Public Safety and Secretary of Public Safety are the Responsible parties who are and who have control over their Employee's that work in such Jails, Houses of Corrections, or Prisons since the abolishment of Counties.

3.) The Plaintiff has clearly stated a claim in his complaint and that the Public Employee's, (Defendants); Hampshire House of Correction and Jail, Sheriff Robert Garvey, Lieutenant Jeffery Fish, Sargent Anthoney Nevue did violate (G.L. c. 38E, ff seq); by taking Grievance Forms from the Plaintiff and not Returning such Grievance Forms to Plaintiff and or Refusing to give such grievance forms to Plaintiff so he can file his complaints because the above named defendants stated they were contriband as they have stated in the Hampshire County Superior Court Transcripts docket number #2004 CR 123.

DATE: 10/20/05

Respectfully Submitted,

Donald Renkowic, Pro Se
24 Cross St
Florence, Mass. 01062

Certificate of Service

I Donald Renkowic, Pro Se, hereby certify that on this 20th day of October, 2005, have served the foregoing documents to the Defendants Attorney by mailing First Class, postage prepaid, a True copy of same to the following address; Attorney Charles Maguire, 225 Main St., Northampton, Mass, 01060

Donald Renkowic, Pro Se