UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD RENKOWIC, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-30103-MAP |
| | ) | |
| | ) | |
| STATE OF MASSACHUSETTS; | ) | |
| GOVERNOR MITT ROMNEY; | ) | |
| COMMONWEALTH OF | ) | |
| MASSACHUSETTS, OFFICE OF THE | ) | |
| ATTORNEY GENERAL, EXECUTIVE | ) | |
| OFFICE OF PUBLIC SAFETY and | ) | |
| SECRETARY OF PUBLIC SAFETY; | ) | |
| HAMPSHIRE COUNTY HOUSE OF | ) | |
| CORRECTION AND JAIL; SHERIFF | ) | |
| ROBERT GARVEY; LIEUTENANT | ) | |
| JEFFREY FISH; and SERGEANT | ) | |
| ANTHONY NEVUE, | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTIONS TO DISMISS (Document Nos. 10 and 16)
February 10, 2006

NEIMAN, C.M.J.

Donald Renkowic ("Plaintiff"), a former state prisoner proceeding *pro se*, brings

this conditions of confinement case against the Commonwealth of Massachusetts, the

Governor and several state departments (collectively "the Commonwealth

Defendants").  Plaintiff has also sued the Hampshire County Jail and House of

Correction ("HCHOC") as well as the Sheriff and two correctional officers (collectively

"the Jail Defendants").  Both the Commonwealth Defendants and the Jail Defendants

(together "Defendants") have filed motions to dismiss, which motions have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court will recommend that Defendants' motions be allowed.

## I. BACKGROUND

This is not Plaintiff's first time before this court challenging conditions of his confinement. On April 27, 2005, the court recommended that a similar action against the Franklin County Jail and its officials be dismissed for many of the same reasons articulated here. District Judge Michael A. Ponsor adopted that recommendation on May 19, 2005. *See* Civil Action No. 04-30202-MAP. Plaintiff also sued the HCHOC and the Sheriff in 1998, but Judge Ponsor dismissed that case in February of 1999. *See* Civil Action No. 98-30185-MAP.[1]

Plaintiff filed the present action on April 8, 2005, from the HCHOC where he was completing a two and one-half year term "for an assault and battery case that took place on July 3, 2002, and was brought to trial on January 30, 2003." (Complaint ¶ 2.) The complaint alleges that on March 3, 2005, Plaintiff was improperly denied access to grievance forms by a correctional officer not named as a defendant here. (*Id.* ¶ 24.) Four days later, the complaint continues, several other staff members, also not defendants here, placed information on another grievance form Plaintiff had completed that had "absolutely nothing to do with the . . . nature of [that] grievance." (*Id.* ¶ 25.)

---

[1] In addition, Plaintiff admits to filing at least four other similar actions in the Hampshire County Superior Court, Civil Action Nos. 03-00030-A, 03-00188, 03-00189 and 04-00234. (Complaint ¶¶ 13-15 and 21.)

According to the complaint, "it is always the same when it comes to the plaintiff filing grievance forms[,] request forms, appeal forms, or any other complaints," *i.e.*, "the defendants continuously violate [his] rights." (*Id.*)

Sometime between April 8th and April 18, 2005, Plaintiff was released from custody. (See Document No. 6 (April 18th change of address notice from Plaintiff indicating that he had moved from the HCHOC to Cross Street in Florence, Massachusetts).) Nonetheless, Plaintiff continues to seek redress for the alleged incidents at the HCHOC, to wit, "damages and such other relief as this court deems just" pursuant to 42 U.S.C. § 1983. (Complaint ¶ 26.)

## II. STANDARD OF REVIEW

A motion to dismiss should be granted when a review of the complaint shows that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See* Fed. R. Civ. P. 12(b)(6); *Wagner v. Devine*, 122 F.3d 53, 55 (1st Cir. 1997). The court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). If a plaintiff's claims do not establish recognized legal theories for which relief may be granted, then the court must dismiss the complaint. *See Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988).

To be sure, a plaintiff's *pro se* allegations are entitled to a liberal construction no matter how inartfully pleaded. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, dismissal is appropriate whenever a plaintiff cannot prove any set of facts entitling him to relief for the claims he alleges. *See Ahmed v. Rosenblatt*, 118

F.3d 886, 890 (1st Cir. 1997).

III.  DISCUSSION

The Commonwealth Defendants argue that, insofar as Plaintiff's suit is brought against a state, its departments and several of its officials in their official capacities, it is barred under the eleventh amendment to the United States Constitution, which proscribes damage suits against states without their consent.  *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 634 (1999); *Hans v. Louisiana*, 134 U.S. 1, 20 (1890).  For their part, the Jail Defendants -- noting that they too are part of the Commonwealth, *see* Mass. Gen. L. ch. 34B, § 1 *et seq.* (abolishing Hampshire County and transferring management of the HCHOC to the Commonwealth as of September 1, 1998) -- incorporate the Commonwealth Defendants' arguments and seek dismissal as well.  The court finds Defendants' arguments meritorious and, therefore, will recommend that their motions to dismiss be allowed.

If a state, or an agency or department of the state has been named in a complaint and has not consented to be sued for damages, it must be dismissed from the action.  *See Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982).  A few years ago, the First Circuit succinctly summarized these eleventh amendment principles, including an exception potentially applicable here:

> As a general matter the several states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent.  Among the exceptions to this rule is the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which allows a plaintiff to enforce a claim of federal right by

4

obtaining injunctive or declaratory relief against a state officer in the officer's official capacity.  In *Edelman v. Jordan*, 415 U.S. 651 (1974), the Supreme Court explained that the purpose of this exception is to prevent continuing violations of federal law, but not to remedy past violations. Therefore, an *Ex parte Young* plaintiff may obtain prospective, but not retrospective, relief.  *See id.* at 664-65; *see also Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 294 (1997) (O'Connor, J., concurring in part and concurring in the judgment) ("[A] Young suit is available where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective."); *id.* at 298 (Souter, J., dissenting) (observing that, given the disposition of the Justices in that case, "Justice O'Connor's view is the controlling one").

*Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002) (footnote omitted).

Plaintiff has not included -- either in his response to Defendants' motions or elsewhere -- any evidence that Massachusetts, through the departments or officials sued here, has consented to be sued in this manner.  This, of course, falls far short of fulfilling his "burden of showing a waiver of sovereign immunity."  *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (as described by the First Circuit in *Hanley v. United States*, 1994 WL 723678, at *2 (1st Cir. 1994) (unreported)).  In sum, insofar as the complaint targets the Commonwealth, its departments, the HCHOC itself, or any of the named individuals in their official capacities, it is barred by the eleventh amendment.

Perhaps in an effort to invoke *Ex parte Young*, the complaint also mentions the need for the court to take immediate action to force Defendants "to abide by and adhere to" certain "civil rights" laws.   (Complaint ¶¶ 25, 26.)  However, as Plaintiff is no longer in state custody but rather, according to his own submission, residing

5

independently in Florence, Massachusetts, such injunctive relief, even if otherwise
appropriate, is now unavailable in this action.  *See Purvis v. Ponte*, 929 F.2d 822, 825
(1st Cir. 1991) (holding that former inmate's injunction action against jail and its officials
was moot because he no longer resided at the prison).

Finally, Plaintiff does not allege that any of the individual defendants were
personally involved in the events in March of 2005 or, indeed, had any knowledge of
those facts about which he now complains.  At most, Plaintiff asserts that, in January of
2004 -- approximately sixteen months prior to the events alleged -- the two correctional
officers named as defendants told Plaintiff he could not have certain grievance forms.
(Complaint ¶ 19.)  That incident, however, appears to be time-barred as well as
inadequately exhausted.  *See* 42 U.S.C. § 1997e(a) and Mass. Gen. L. ch. 127, §§
38E, 38F (both describing comprehensive exhaustion requirements for prisoners).  It
also appears to be the subject of one of the preexisting state court actions.  *See
Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)
(federal courts should seek to avoid duplicative litigation).  Further, and perhaps most
importantly, there is nothing in the January 2004 incident indicating that Plaintiff was
ever denied any "civil right" to which he might have been entitled.  Indeed, Plaintiff
concedes that the incident was promptly brought to the attention of the Sheriff whose
response was "not condoning the officers." (Complaint ¶ 19.)  In short, the court
believes that the individuals actually named in the complaint, construing the complaint
as raising claims against them in their individual capacities, are entitled to dismissal.
*See Estelle v. Gamble*, 429 U.S. 97, 104-105, (1976); *DesRosiers v. Moran,* 949 F.2d

6

15, 18 (1st Cir. 1991).

IV. C̲ONCLUSION̲

For the foregoing reasons, the court recommends that the Commonwealth Defendants' motion to dismiss (Document No. 10) and the Jail Defendants' motion to dismiss (Document No. 16) each be ALLOWED.[2]

DATED: February 10, 2006

   /s/ Kenneth P. Neiman   
KENNETH P. NEIMAN
Chief Magistrate Judge

---

[2]  The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.